UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PINNACLE TREATMENT CENTERS, INC. on behalf of itself and a class of all past, current and future patients who resided at 1741 East 106th Place in Crown Point, Indiana,  )<br>)<br>)<br>)<br>) | |
| Plaintiff,  ) | Case No. 2:20-CV-00336 |
| v.  )<br>) | |
| CITY OF CROWN POINT, INDIANA,  )<br>) | |
| Defendant.  )<br>) | |

**BRIEF IN SUPPORT OF CITY OF CROWN POINT, INDIANA'S MOTION TO DISMISS**

NOW COMES Defendant, CITY OF CROWN POINT, INDIANA (hereinafter, the "City"), by and through its attorneys, Wood Smith Henning & Berman, LLP, and hereby moves this Honorable Court for an Order (i) dismissing the Complaint of Plaintiff, PINNACLE TREATMENT CENTERS, INC., *et al.* (hereinafter "Plaintiff" or "Pinnacle") in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and (ii) striking Plaintiff's class allegations and request for relief on behalf of a class pursuant to Federal Rules of Civil Procedure 23(c)(1)(A) and 23(d)(1)(D). In support thereof, Defendant submits the instant Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff commenced this purported putative class action by the filing of a two-count Complaint [Dkt. 1] for (i) Violation of Fair Housing Act (Discrimination - Refusal to Make Reasonable Accommodations) and (ii) Action for Permanent Injunctive Relief. Plaintiff's claims

and perceived wrongdoings by the City are misguided and fail as a matter of law. Plaintiff contends that the City's actions constituted disability discrimination in violation of the Fair Housing Amendments Act ("FHAA").[1] In relevant part, the provisions of the FHAA prohibit a public entity from housing discrimination on the basis of a handicap or other protected characteristic. 42 U.S.C. § 3604, *et seq*. However, notwithstanding the many factual and legal deficiencies which plague Plaintiff's claims, Plaintiff's discrimination claims cannot survive because this Court does not have subject matter jurisdiction over Plaintiff's FHAA claim because it is not ripe for review. Thus, Plaintiff's Complaint must be dismissed in its entirety.

Furthermore, in the event that any part of this lawsuit remains pending upon this Court's assessment pursuant to Rule 12(b)(1), the Court should enter an Order striking all allegations regarding representation of a purported class from Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 23(c)(1)(A) and 23(d)(1)(D). Plaintiff purports to represent a nebulous class consisting of "all former, current, and future residents of the House who would be subject to City's discriminatory treatment." (Dkt. 1 at ¶76). Plaintiff's Complaint is completely devoid of facts raising a plausible inference that any similarly situated individuals exist. Moreover, Plaintiff has failed to propose a viable definition for an ascertainable putative class of individuals. Accordingly, Plaintiff's class claims must be stricken. This should be the end of Plaintiff's baseless attempt to assert this cause on behalf of a putative class.

---

[1] The Fair Housing Amendment Act, 42 U.S.C. § 3602(h) uses the term handicap while the Americans with Disabilities Act, Title II, 42 U.S.C. § 12102(2) uses the term disability. Both acts contain the same definition and courts have used the terms interchangeably. *Badian v. Village of Wilmette*, 269 F.3d 831 (7th Cir. 2001).

## II.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. *Silha v. ACT, Inc.*, 2015 U.S. App. LEXIS 19996, *8 (7th Cir. 2015). The party asserting jurisdiction has the burden of proof. Id. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *Id.* at 443-44.

A factual challenge lies where the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction. *Apex Digital, Inc.*, at 444.  In considering a factual challenge, the Court may consider matters outside the complaint, including affidavits, and review "whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue,* 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.,* 502 F.3d 616, 625 (7th Cir. 2007)); *see also, e.g., Hay v. Ind. State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 n. 2 (7th Cir. 2002); *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir.1999).  The Court's ability to consider evidence beyond the pleadings derives from the importance of limiting federal jurisdiction.  "Because such 'jurisdiction cannot be conferred by consent of the parties, if the facts place the district court on notice that the

jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth.'" *Apex Digital, Inc.*, at 444 (quoting *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986)).

### B.      Fed. R. Civ. P. 23(c)(1)(A) and 23(d)(1)(D)

Motions to strike class allegations are reviewed under Fed. R. Civ. P. 23. *See, e.g.*, *Hill v. Wells Fargo Bank, N.A.*, 946 F.Supp.2d 817, 829--33 (N.D. Ill. 2013). "[A] court may deny class certification even before the plaintiff files a motion requesting certification." *Kasalo v. Harris & Harris*, 656 F.3d 557, 563 (7th Cir.2011). "Particularly given that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified '[a]t an early practicable time,' courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained." *Wright v. Family Dollar, Inc*., No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. 2010). "In determining whether class certification is appropriate, a district court does not presume that all well-pleaded allegations are true and can look beneath the surface of a complaint to conduct the inquiries Rule 23 requires." *Id*. at *2 (citing *Szabo v. Bridgeport Machs., Inc*., 249 F.3d 672, 677 (7th Cir. 2001)). "Even when the defendant initiates the court's review of class allegations, the burden remains on the plaintiff to establish that the suit may be maintained as a class action." *Id*. (citing *Oshana v. Coca–Cola Co*., 472 F.3d 506, 513 (7th Cir. 2006); *See also Royal Mile Co., Inc., v. UPMC*, 40 F.Supp.3d 552, 578-579 (W.D. Pa. 2014) ("[R]egardless whether the defendant files a motion to strike class allegations pursuant to [Fed. R. Civ. P.] 12(f) based upon insufficient class allegations in a complaint, or a plaintiff files a motion to certify a class pursuant to Rule 23… the plaintiff has the burden to prove that the requirements set forth in Rule 23 are met, and the court must accordingly apply Rule 23.").

Class certification should be denied unless "the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the conditions of Rule 23(b). The plaintiff must also show that the class is indeed identifiable as a class." *Oshana*, 472 F.3d at 513 (internal citations omitted).

### III.   ARGUMENT

**A.   Plaintiff's Failure to Submit a Complete and Proper Special Use Application Bars This Action Because Plaintiff's Claims Are Not Ripe for Adjudication**

The FHAA makes it unlawful (1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of: (A) that buyer or renter, (B) a person residing or intending to reside in that dwelling after it is sold or rented, or made available; or (C) any person associated with that buyer or renter. 42 U.S.C. §3604(f)(1). The statute defines "discrimination" as "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(B).  A municipality commits discrimination under §3604(f)(3)(B) of the FHAA if it refuses "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [the physically disabled] equal opportunity to use and enjoy a dwelling." *Id*.

When pursuing a reasonable accommodation claim under the FHAA in the zoning context such as in the instant case, federal courts have consistently applied the ripeness doctrine where a plaintiff fails to seek a variance.  Courts have unanimously held that a plaintiff's burden under the ripeness doctrine entails showing it afforded the city a reasonable opportunity to consider the proposed accommodation.  Where a party has an opportunity to seek a variance and fails to do so, the action is not ripe for review. *See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985); *see also, U.S. v. Village of Palatine,* 37 F.3d

5

1230, 1233 (7th Cir. 1994) (where the court vacated injunction and remanded case with instructions to dismiss case holding that before defendant has an obligation under the FHAA to make a reasonable accommodation, it must be afforded the opportunity to make such accommodation before plaintiff has a ripe claim); *Oxford House-C v. City of St. Louis,* 77 F.3d 249 (8th Cir. 1995) (where the court reversed judgment and vacated injunction against city holding that the plaintiffs must apply for a variance if they want an accommodation under the FHAA from the City). "In our view, Congress also did not intend the federal courts to act as zoning boards by deciding fact-intensive accommodation issues in the *first instance.*" *Oxford House*, 77 F.3d at 253. To this end, **a reasonable accommodation claim is not ripe unless the unsuccessful applicant has exhausted its administrative remedies in seeking the accommodation.**

The situation in this case is analogous to the situation in *U.S. v. Village of Palatine*, 37 F.3d 1230 (7th Cir. 1994), in which the court analyzed a FHAA housing discrimination claim on behalf of persons in substance abuse recovery. 37 F.3d at 1233-34. The plaintiff alleged that the Village failed to make a reasonable accommodation that would allow a group home to continue operating in its then-current location. *Id*. at 1233. While the Village's zoning ordinance would have allowed the sober living home to continue in its then-current location as a special use, the plaintiff refused to invoke the special use process which involved public notice and hearing. *Id*. On appeal, the Village argued that it could not be found to have failed in its obligation to make a reasonable accommodation necessary to afford the group home residents an equal opportunity to use and enjoy their dwelling because the sober living home never invoked the procedures that would allow the Village to make such an accommodation. *Id*. The Seventh Circuit agreed, finding that the issue was not ripe to the extent that the sober living home's claim was based on the Village's failure to make a reasonable accommodation. *Id*. "The zoning process, including the hearings on

6

applications for conditional use permits, serves the purpose of enabling a city to make a reasonable accommodation in its rules, policies, and practices. The city must be afforded the opportunity to make such an accommodation." *Id*. (internal quotations and citations omitted).

In the instant case, it is undisputed that Plaintiff has not submitted a complete and proper use variance application. (Ex. A at ¶¶ 13-18). The Complaint makes clear that Plaintiff only made an informal request for submission of the variance by way of its August 27, 2020 letter rather than abide by the requisite application process. [Dkt. 1, ¶¶ 51-52]. Plaintiff has blatantly refused to impose the procedures necessary to allow the City to make any accommodation. Like in *Village of Palatine*, where the Court held that the issue was not ripe because the plaintiffs refused to submit a zoning law exemption application despite procedures available to the group home, Plaintiff's refusal to follow the requisite special use variance application process thus affording the City no chance to authorize Plaintiff's noncompliance with the Zoning Code. Indeed, the City did not fail to accommodate the group home residents as the FHAA mandates.

In applying the principles of the ripeness doctrine to the situation at bar, it is noteworthy that Plaintiff does not attack the City's zoning ordinance on its face. Instead, Plaintiff contends that the City has applied the ordinance in a discriminatory manner simply by having told Plaintiff that it must first comply with the variance request process as required under the ordinance. Because of Plaintiff's continued refusal to submit a complete and proper use variance petition, the City's zoning ordinance has no final effect on the City (discriminatory or otherwise), until Plaintiff formally requests a special use variance and afford the City an opportunity to act on the request. Simply stated, because Plaintiff may be granted a special use permit if actually applies for one for one, their discrimination claim is unripe in the most fundamental sense.

7

The Seventh Circuit in *Village of Palatine* also addressed the same argument raised by Plaintiff in the instant case, *i.e.,* that requiring the group home to utilize the procedures for obtaining special use approval was itself a failure to make a reasonable accommodation to the needs of the disabled. 37 F.3d at 1234. Employing a balancing test, the Court held that the burden on the residents imposed by the zoning process did not outweigh the Village's interest in applying its facially neutral law to all applicants for a special use approval. Finding that the Village uniformly required special use approval for all non-permitted uses and that this process was not limited to the disabled, the Court held that the Village's procedures did not violate the FHAA. *Id.* at 1234.  Here, Plaintiff claims that "[s]ince at least May of 2020, the City has known that enforcement of the Ordinance [Section 150.19 of the Crown Point Zoning Code] would violate the FHAA…[and] [t]he City's enforcement of the Ordinance would deny disabled individuals the same safe, bucolic life freely enjoyed by other Waterside Crossing residents." [Dkt. 1, ¶¶ 33, 40]. Contrary to Plaintiff's assertion, the City uniformly requires submission of a complete application to be filed with the City's Advisory Board of Zoning Appeals through the City Planner's Office in before a special use may be permitted. (Ex. A at ¶ 7).  Thus, the City's application requirements under its Zoning Code are analogous to the Village's procedures for non-permitted uses in *Village of Palatine* which the Seventh Circuit deemed compliant under the FHAA.  Since the City's application submission procedure here is likewise uniformly applied and not limited to the disabled, this Court should not stray from such precedent and find Plaintiff's erroneous claims insufficient to confer subject matter jurisdiction.

However, a limited exception to the ripeness doctrine exists where, by virtue of past history, repeated submissions would be futile. *Palazzolo v. Rhode Island*, 533 U.S. 606, 622 (2001). Notably, neighbors' concerns and complaints **do not** establish futility. *See Oxford House-*

8

*C v. City of St. Louis*, 77 F.3d 249 (8th Cir. 1995) (judgment reversed where the trial court found futility based upon neighbors' concerns and complaints).  Here, Plaintiff's Complaint is devoid of any facts showing that it would be an exercise in futility to seek a special use exception as Plaintiff did not indicate any past history with the City.  In fact, Plaintiff explicitly alleges that the purported discriminatory acts began in May of 2020 at the earliest, thereby rendering the exception inapplicable.

Plaintiff wants the City to let it operate in violation of the Zoning Code. The City has consistently advised Plaintiff that it cannot make an exception to the Ordinance unless Plaintiff submits a complete and proper application for a special use variance. (Ex. A at ¶14).   Plaintiff's refusal to fully avail itself of the process for use variances is fatal to its reasonable accommodation claim.  It is well-settled law in the Seventh Circuit and in numerous other federal jurisdictions that Plaintiff must first pursue the available avenues of relief (*i.e*., complying with the application process of the Ordinance) before asserting a federal discrimination claim against the City for failure to accommodate. The City, which has been vested with the authority to decide these matters in the first instance, must be afforded the opportunity to accommodate Plaintiff's desired use of the property through the City's established procedures for adjusting the Zoning Code ***before*** this Court is asked to review a claim for an alleged reasonable accommodation denial. Like in *Village of Palatine,* the issue here is not ripe for adjudication unless and until Plaintiff submits to the required process and receives an adverse result.  Indeed, Plaintiff has failed to apply for or obtain any official decision, much less a final one. As Plaintiff has yet to make an application for a special use variance to operate its sober living facility, there is no claim for relief ripe for consideration by this Court. Following the authorities cited above, Plaintiff's Complaint should therefore be dismissed for lack of subject matter jurisdiction.

**B.     Plaintiff Lacks Associational Standing**

Associational standing is not based on an injury to an entity itself, but rather, to the entity's members as a whole. *See Hunt v. Washington Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). The doctrine stems from Article III, which limits the scope of judicial authority to the adjudication of actual cases and controversies. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir. 2005). To establish associational standing, an organization must show that (a) its members otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt*, 432 U.S. at 343.

Here, Plaintiff lacks associational standing because its FHAA claim will require the individual participation of members to establish damages.[2]  While the FHAA provides for monetary damages as well as injunctive relief, federal courts routinely dismiss claims based upon an associational capacity involving requests for monetary relief.[3]  The Court need look no further

---

[2] Although Plaintiff must establish all three prongs of the *Hunt* test, only the third prong is at issue with respect to Plaintiff's lack of associational standing. The City's challenge to the veracity of the first two prongs is encompassed in the above factual attack to subject matter jurisdiction (*supra* at pp. 6-8).

[3] *See, e.g.*, *Pa. Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 284 (3d Cir. 2002) ("[D]amages claims usually require significant individual participation, which fatally undercuts a request for associational standing"); *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1400 (9th Cir. 1990) ("[N]o federal court has allowed an association standing to seek monetary relief on behalf of its members"); *Sw. Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Ass'n*, 830 F.2d 1374, 1380 n. 3 (7th Cir. 1987) (in Clayton Act analysis, noting that courts have "uniformly rejected" associational standing in claims for money damages); *Telecomm. Research & Action Ctr. v. Allnet Commc'n. Servs., Inc.*, 806 F.2d 1093, 1095 (D.C. Cir. 1986) (collecting cases).

than the Complaint's prayer for relief paragraph to discern that Plaintiff, as well as all purported class members, requests compensatory damages and an award of punitive damages against the City in this action. [Dkt. 1 at p. 12]. Thus, Plaintiff's own allegations foreclose associational standing.  Further, the individual participation of class members, *i.e.*, the residents of the subject house on behalf of whom Plaintiff brings this suit, will be required to establish their alleged damages. Thus, the monetary damages sought by Plaintiff here, fatally undercuts any purported associational standing necessitating dismissal of Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

C. **Plaintiff's Class Allegations Should Be Stricken Pursuant to Federal Rules of Civil Procedure 23(c)(1)(A) and 23(d)(1)(D)**

Plaintiff has not sufficiently pled that it meets the requirements of Fed. R. Civ. P. 23(a) and (b) as it fails to propose a viable class definition there is no way for this Court to identify the members of its vaguely defined putative class based on the alleged facts set forth in the Complaint. Instead, Plaintiff merely parrots the language of Fed. R. Civ. P. 23, conclusively asserting that it applies to this case.

1. *Plaintiff Has Failed to Satisfy the Numerosity Requirement for Maintaining a Class Action*

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011) (internal citations and quotations omitted). There are four prerequisites for class certification: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a); *Dukes*,131 S.Ct. at 2548. Failure to satisfy any of these elements precludes class certification. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). "In conducting an action under [Rule 23], the court may issue orders that ... require that the pleadings be amended to eliminate

allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Additionally, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "Sometimes the complaint will make it clear that class certification is inappropriate." *Hill*, 946 F.Supp.2d at 829 (citing *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim...")) (emphasis added).[4]

Plaintiff fails to plead sufficient factual allegations to support an inference that it can satisfy the prerequisites of Rule 23(a). Most notably, Plaintiff's attempt to allege the numerosity requirement is without merit. Pursuant to Rule 23(a), a proposed class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The exact number of class members need not be pleaded, but impracticability of joinder must be positively shown and cannot be speculative. *Cwiak v. Flint Ink Corp.,* 186 F.R.D. 494, 496 (N.D. Ill. 1999). Further, the plaintiff cannot rely on conclusory allegations that joinder is impracticable or on speculation as to the size of the class in order to prove numerosity. *Roe v. Town of Highland,* 909 F.2d 1097, 1100 (7th Cir. 1990).

---

[4] *See also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (recognizing that "a court may deny class certification even before the plaintiff files a motion requesting certification."); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming order granting motion to strike class allegations); *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) (granting motion to strike class allegations and explaining that "given that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified '[a]t an early practicable time,' courts may--and should--address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained.").

Plaintiff's allegations with respect to numerosity are conclusory and unsubstantiated by any facts regarding how many residents of the home are comprised in the purported class. Plaintiff does not allege how many past or current individuals reside in the house, nor does Plaintiff advance any facts to apprise even the slightest approximation for the number of house residents at any given time thereby thwarting any ability to reasonably infer the approximate number of putative class members. The Complaint is likewise bereft of facts related to the average or anticipated length of time individuals reside at the house so as to sufficiently support any inference concerning the approximate number of current and future class members. Plaintiff fails to allege any pertinent facts which would substantiate its of Plaintiff's self-serving conclusory claim that "joining all of the members of the class is impracticable and would result in an inefficient use of judicial resources and prejudice the individual members of the class in light of their privacy interests." [Dkt. 1, ¶ 77]. In sum, there are no facts in the Complaint which would support any inference to be made as to the *likely* class size. Accordingly, Plaintiff's numerosity claim is facially deficient and this should be the end of Plaintiff's class action suit.

    2.    *Plaintiff Has Failed to Satisfy the Commonality Requirement for Maintaining a Class Action*

With respect to the commonality requirement, Plaintiff parrots Rule 23(a)(2) by stating that there are "questions of law or fact common to the class, as all have been subject to the same discriminatory misconduct by the City," but she does not articulate what those common questions are. (Dkt. 1, ¶ 78). Despite this overt conclusory statement, Plaintiff cannot meet the commonality requirement because "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.' **This does not mean merely that they have all suffered a violation of the same provision of law**." *Wal-Mart Stores v. Dukes,* 564 U.S. 338, 350 (2011) (emphasis added) (internal citation omitted). Rather, "claims must depend upon a common

13

contention" which "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original).

In order to sufficiently show commonality, Plaintiff would need to allege that *the purported class members* requested accommodation, whether each requested accommodation was denied and facts plausibly suggesting each accommodation was reasonable and necessary. Plaintiff fails to allege any such facts in the Complaint, which clearly pertains *only* to the perceived grievances of Plaintiff and fail to apprise associational standing as set forth above.  Moreover, these are all issues that need to be addressed on an individualized basis and preclude class certification because they do not meet the standard for commonality.

      3.     *Plaintiff Fails to Satisfy the Requirements of Rule 23(b)*

Plaintiff's Complaint fares no better with respect to the conditions set forth under Fed. R. Civ. P. 23(b). While the Rule requires only requires Plaintiff to meet one of the three conditions (in addition to the four pre-requisites of Rule 23(a)), Plaintiff falls short of that bar.  Plaintiff's attempts to satisfy Rule 23(b) simply by quoting its subsections in conclusory terms. Specifically, Plaintiff merely reiterates Rule 23(b)(1), (2) and (3) without articulating any fact specific to the purported class members. [Dkt. 1, ¶ 81].  Even if there were a reliable mechanism for determining the members of the class, Plaintiff's defective class definition, or lack thereof, further demonstrates that this case is not appropriately pursued as a class action and is insufficient under Rule 23(b). Plaintiff's attempt to plead a class action fails as a matter of law and its class claims must be stricken accordingly.

## **CONCLUSION**

For the reasons stated above, Defendant, the City of Crown Point, respectfully requests that this Honorable Court enter an Order: dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and striking Plaintiff's class allegations and request for relief on behalf of a class pursuant to Federal Rules of Civil Procedure 23(c)(1)(A) and 23(d)(1)(D), and that judgment be entered in its favor and against Plaintiff, including the award of costs wrongfully incurred in the defense of this matter and for any other and further relief this Honorable Court deems just.

Dated:  November 17, 2020.                                  Respectfully Submitted,

**CITY OF CROWN POINT, INDIANA**

By: */s/ Kevin S. Borozan*
Kevin S. Borozan, #6320336
Craig M. Derrig, #6277369
kborozan@wshblaw.com
cderrig@wshblaw.com
Wood, Smith, Henning & Berman LLP
222 South Riverside Plaza, Suite 640
Chicago, Illinois 60606
Phone: 312-766-4450
Fax: 312-766-4451
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all attorneys of record.

By: */s/ Kevin S. Borozan*