**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| PINNACLE TREATMENT CENTERS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-336-PPS-JPK |
| v. | ) | |
| | ) | |
| CITY OF CROWN POINT, INDIANA, | ) | |
| | ) | |
| Defendant, | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| CITY OF CROWN POINT, INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-359-PPS-JPK |
| | ) | |
| CAPGROW HOLDINGS JV SUB LLC, | ) | |
| PINNACLE TREATMENT CENTERS, INC., | ) | |
| and PINNACLE TREATMENT CENTERS | ) | |
| IN-I, LLC, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF CROWN POINT,**
**INDIANA'S MOTION TO DISMISS VERIFIED AMENDED COMPLAINT OF**
**PINNACLE TREATMENT CENTERS**

Defendant, CITY OF CROWN POINT, INDIANA (the "City"), by and through its attorneys, Wood Smith Henning & Berman, LLP, moves this Honorable Court for an Order dismissing the Complaint of Plaintiff, PINNACLE TREATMENT CENTERS, INC., *et al.* (hereinafter "Plaintiff" or "Pinnacle") in its entirety pursuant to Fed. R. Civ. P. 12(b)(1). In support, the City submits this Memorandum of Law:

## ISSUE STATEMENT

Pursuant to Local Rule 7-1(e)(2)(B), the City states the following issues are raised by its Motion to Dismiss:

1.      Whether Plaintiff lacks associational standing and its claims based on the Fair Housing Amendments Act (the "FHAA") should be dismissed; and,

2.      Whether Plaintiff lacks standing as an "aggrieved person" under the FHAA and its claims based on the FHAA should be dismissed.

I.      **INTRODUCTION**

Plaintiff filed the present two-count Verified Amended Complaint and Jury Demand ("Complaint") alleging (i) Violations of the Fair Housing Amendments Act (Discrimination for Refusal to Make Reasonable Accommodations) and (ii) Preliminary and Permanent Injunctive Relief claiming that the City has violated the FHAA by failing to provide a reasonable accommodation to disabled individuals, and that the City is enforcing an Ordinance that is allegedly discriminatory against disabled individuals.  [Dkt. 34 at pp. 17-18].  Plaintiff contends that the City's actions constituted disability discrimination in violation of the Fair Housing Amendments Act ("FHAA").[1]  In relevant part, the provisions of the FHAA prohibit a public entity from housing discrimination on the basis of a handicap or other protected characteristic. 42 U.S.C. § 3604, *et seq*.

However, notwithstanding the many factual and legal deficiencies which plague Plaintiff's claims, under Rule 12(b)(1) and 12(b)(6), Plaintiff's discrimination claims fail because Plaintiff cannot satisfy the requirements for associational standing to bring claims on behalf of others. Furthermore, Plaintiff cannot demonstrate that it has standing as an "aggrieved person" to file this lawsuit even under the Court's expansive definition of the term.  To satisfy the test, a Plaintiff must be within the "zone of interests" and then still allege some injury resulting from housing discrimination to others.  Plaintiff, however, is unable to meet these standards and its Complaint should be dismissed in its entirety for lack of standing.

---

[1] The Fair Housing Amendment Act, 42 U.S.C. § 3602(h) uses the term handicap while the Americans with Disabilities Act, Title II, 42 U.S.C. § 12102(2) uses the term disability. Both acts contain the same definition and courts have used the terms interchangeably. *Badian v. Village of Wilmette*, 269 F.3d 831 (7th Cir. 2001).

## II.   **LEGAL STANDARD**

A motion challenging a plaintiff's standing to sue is brought under Fed. R. Civ. P. 12(b)(1), which permits motions to dismiss a cause of action for lack of subject matter jurisdiction.  "Article III of the Constitution limits [the Court's] review to actual 'cases' and 'controversies' brought by litigants who demonstrate standing.  The 'irreducible constitutional minimum' of standing consists of three elements:  "injury in fact, causation, and redressability."  *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017).  To survive a challenge of standing on a motion to dismiss, a plaintiff must plead "sufficient factual allegations, that 'plausibly suggest' each of these elements.  *Id.* Moreover, "[a]s the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing."  *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).  Here, Plaintiff has failed to allege facts plausibly suggesting an injury and, therefore, has failed to establish standing to bring claims based on the alleged violations of FHAA.

### A.   **Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction.  807 F.3d 169.  The party asserting jurisdiction has the burden of proof.  *Id*. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co*., 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *Id*. at 443-44.

**b.**     **Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (internal citations and quotations omitted).

**III.     ARGUMENT**

**A.     Plaintiff's Verified Amended Complaint Fails to Demonstrate Associational Standing and Should Be Dismissed.**

To the extent Plaintiff purports to bring claims on behalf of its clients, Plaintiff has not alleged that its clients are, in fact, members, or that it is an association.  This alone is fatal to its attempt to claim associational standing.  [Dkt. 34, ¶¶ 127-34.]

Plaintiff alleges that it is a private corporation in the purported business of providing lodging to its clients undergoing treatments at a different facility.  [Dkt. 34, at ¶¶ 1, 5-8].  Pinnacle alleges that it runs a nationwide network of treatment centers that help those suffering from the disease of substance use disorder recover from that disease.  [*Id.* at ¶5].  According to Pinnacle, its services help remove barriers to recovery and transform individuals, families, and communities by aiding those suffering from the disease of substance use disorder, [*id.* at ¶6].  One aspect of its services is providing patients recovery housing to ensure a warm, caring, and safe home environment while patients are continuing their therapeutic treatment.  [*Id.* at ¶7].  Pinnacle leases property at 1741 East 106th Place in Crown Point, Indiana to serve as a recovery residence for patients undergoing treatment for substance use disorder (the "House").  [*Id* at ¶8].  In Plaintiff's

own words, "Medical treatment is not provided in the House.  The patients live in the house, but receive treatment at a Pinnacle treatment facility."  [Dkt. 34, ¶26.]  Pinnacle's tenants reside in the house at the end of their treatment as they return back to their lives.  [Dk. ¶19.]

In short, while Pinnacle alleges that it provides recovery and treatment services to the patients who reside at the House, nowhere does Pinnacle allege that it is an association or that the patients are members of that association.  The relationship alleged by Pinnacle does not meet the requirements for associational standing.

An organization may claim associational standing on behalf of its members when "(a) its members would have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977).  The first two requirements are based directly on the Article III "case or controversy" requirement, while the third requirement is prudential and allows the district court to exercise discretion.  *Bhd. of Maint. of Way Emps. v. Ind. Harbor Belt R.R. Co.*, 20 F. Supp. 3d 686, 690 (N.D. Ind. 2014); *see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir. 2005).

Here, Pinnacle has failed to pass the basic threshold for organizational standing—it has not plausibly alleged that the patients residing at home are members of any association at all.  Rather, Pinnacle has alleged that it is an organization that provides medical services to the patients, not unlike any business that provides services to its customers.  But such a relationship is not an association-member relationship, and is insufficient to confer associational standing.  *See Fleck & Assoc., Inc. v. Phoenix*, 471 F.3d 1100, 1106 (9th Cir. 2006) (holding that business-customer relationship is insufficient for associational standing); *see also Quad Cities Waterkeeper v.*

*Ballegeer*, 84 F. Supp. 3d 848, 859 (C.D. Ill. 2015) (explaining that "where the relationship between an organization and its members is more akin to a business-consumer relationship, an organization cannot assert associational standing because it does not represent its members' interests").

In addition, even if Plaintiff had properly alleged that it is an association of which the patients are members, Pinnacle would still lack associational standing to the extent that it purports to seek damages on the patients' behalf, as the individual participation of members would be required to establish damages. *See Bhd. of Maint. of Way Emps.*, 20 F.Supp3d at 692 (dismissing claim for economic and punitive damages because "claims for damages are generally 'not common to the entire membership, nor shared by all in equal degree' and therefore require individualized proof where the organization itself has suffered no monetary harm").[2]  While the FHAA provides for monetary damages as well as injunctive relief, federal courts routinely dismiss claims based upon an associational capacity involving requests for monetary relief.[3]  But Pinnacle has not alleged any economic injury to itself, and the individual participation of purported members—*i.e.*, the residents of the subject house on behalf of whom Plaintiff brings this suit—would be required to establish their alleged damages. *Bhd. of Maint. of Way Emps.*, 20 F.Supp3d at 692.  Thus, even if Pinnacle had properly alleged that the patients are members of an association, it would still lack

---

[2] Although Plaintiff must establish all three prongs of the *Hunt* test for associational standing, only the third prong is at issue with respect to Plaintiff's lack of associational standing. The City's challenge to the veracity of the first two prongs is encompassed in the above factual attack to subject matter jurisdiction.

[3] *See, e.g.*, *Pa. Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 284 (3d Cir. 2002) ("[D]amages claims usually require significant individual participation, which fatally undercuts a request for associational standing"); *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1400 (9th Cir. 1990) ("[N]o federal court has allowed an association standing to seek monetary relief on behalf of its members"); *Sw. Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Ass'n*, 830 F.2d 1374, 1380 n. 3 (7th Cir. 1987) (in Clayton Act analysis, noting that courts have "uniformly rejected" associational standing in claims for money damages); *Telecomm. Research & Action Ctr. v. Allnet Commc'n. Servs., Inc.*, 806 F.2d 1093, 1095 (D.C. Cir. 1986) (collecting cases).

associational standing to the extent that it seeks damages, and Pinnacle's claims for damages should be dismissed to the extent that such claims are premised upon associational standing.

**B.      Plaintiff Has Not Plausibly Alleged Standing As An "Aggrieved Person".**

The FHAA allows an "aggrieved person" to file a civil action seeking damages and/or injunctive relief for a violation of the statute.  42 U.S.C. §3613.  The FHAA defines an "aggrieved person" to include any person who claims to have been injured by a discriminatory housing practice, or believes they will be injured by a discriminatory housing practice that is about to occur.  42 U.S.C. §3602(i).  The Supreme Court has tied the definition of what constitutes an "aggrieved person" for purposes of the statute, to the "zone of interests" prudential standing requirement, which presumes that a statute provides a cause of action "only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.  *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1300 (2017).

Here, Pinnacle has failed to plausibly allege that it is an "aggrieved person"—*i.e.*, one that has been injured by a discriminatory housing practice.  RatherPinnacle's lone allegation of injury to itself is that "[b]ecause Pinnacle leases the House for the purpose of providing a safe, clean, healthy place for disabled patients to live, Pinnacle is aggrieved, adversely affected, and injured by the City's enforcement of the Ordinance. . . . ." [Dkt. 34,  at ¶79].  But Pinnacle has failed to plausibly allege that the City's enforcement of the ordinance—which would simply reduce the number of unrelated individuals living in the home from 8 to 5, (see *Crown Point, IN, Zoning Code, §150.19, 2014*)—would in any way prevent Pinnacle from accomplishing its stated objective of "providing a safe, clean, healthy place for disabled patients to live."

Thus, Pinnacle's allegation that it is an "aggrieved person" within the meaning of the statute is plainly insufficient.  Factual allegations must plausibly state an entitlement to relief that

rises above the merely speculative level. *Munson*, 673 F.3d at 633.  Here, Pinnacle (i) admits that no medical treatments are provided at the House, [Dkt. 34, ¶ 26], (ii) does not allege that there is any nexus between its statement objectives and its ability to have 8, instead of 5, unrelated individuals living in the home at any given time, and (iii) wholly fails to explain how enforcement of the City's ordinance would prevent it from providing safe, healthy recovery housing to the patients.  Thus, Pinnacle's allegations require the Court to speculate regarding how it has been or will be harmed by enforcement of the City's ordinance, and this is plainly insufficient.  *See Munson*, 673 F.3d at 633.

In short, Pinnacle has not plausibly alleged any injury that comes within the "zone of interests" protected by the FHAA and that would confer standing on it as an "aggrieved person." Pinnacle has not alleged any way in which the City's enforcement of the Ordinance will interfere with Pinnacle's own stated objectives in providing a safe, healthy residential environment for recovering patients.  Accordingly, its claims should be dismissed.

## IV. CONCLUSION

Plaintiff's Amended Complaint should be dismissed pursuant to Federal  Rules of Civil Procedure 12(b)(1) and 12(b)(6), because Pinnacle cannot establish standing to bring this action. Pinnacle has not alleged the type of association-member relationship between itself and the patients necessary to give rise to associational standing.  Moreover, the participation of individual patients would be required for Pinnacle to bring any claim for monetary damages on their behalf, and accordingly, any claim for damages premised on associational standing should be dismissed. Furthermore, Pinnacle has not plausibly alleged that it is an "aggrieved person," because it has not explained how the City's enforcement of the ordinance will interfere with Pinnacle's stated

objectives.   Finally, Pinnacle has alleged no economic harm, and therefore any claim for damages—whether on behalf of itself or the patients—should be dismissed.

For the reasons stated above, Defendant, the City of Crown Point, respectfully requests that this Honorable Court enter an Order: dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and that judgment be entered in its favor and against Plaintiff, including the award of costs wrongfully incurred in the defense of this matter and for any other and further relief this Honorable Court deems just.

Dated:  August 3, 2021                    Respectfully Submitted,

**CITY OF CROWN POINT, INDIANA**

By: */s/ Zachary D. Fletcher*

Zachary D. Fletcher, #6310861
Craig M. Derrig, #6277369
zfletcher@wshblaw.com
cderrig@wshblaw.com
Wood, Smith, Henning & Berman LLP
222 South Riverside Plaza, Suite 640
Chicago, Illinois 60606
Phone: 312-766-4450
Fax: 312-766-4451
***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of August 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all attorneys of record.

By: */s/ Zachary D. Fletcher*