UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PINNACLE TREATMENT CENTERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 2:20-cv-336-PPS-JPK |
| CITY OF CROWN POINT, INDIANA, | ) ) ) | |
| Defendant. | ) ) | |
| ------------------------------------------------------ | ) | CONSOLIDATED WITH: |
| CITY OF CROWN POINT, INDIANA, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 2:20-cv-359-PPS-JPK |
| CAPGROW HOLDINGS JV SUB V LLC, PINNACLE TREATMENT CENTERS, INC. and PINNACLE TREATMENT CENTERS IN-I, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Pinnacle Treatment Centers operates a group home in Crown Point, Indiana for recovering substance abusers. The City says Pinnacle is operating the home in violation of municipal codes and it has levied fines against Pinnacle as a result. Pinnacle claims the City's actions constitute a violation of the Fair Housing Act. Crown Point now seeks dismissal on the grounds that Pinnacle lacks standing. But because Pinnacle has suffered a concrete injury—it has been fined, subject matter jurisdiction is secure. Crown Point's motion [DE 40] will therefore be DENIED.

## Background

CapGrow Holdings owns a home in Crown Point and leased it to Pinnacle Treatment Centers, Inc. and an affiliated company. The lease is for a five-year term starting at $2,726 per month and increasing 2% per year. Pinnacle uses the home as temporary lodging for patients recovering from substance abuse. This practice allegedly violates the Crown Point's Zoning Code, which prohibits temporary lodging for more than five unrelated patients in a residential area and considers Pinnacle's violation a nuisance.

The home is in an area zoned as R-1 which is limited to single-family dwellings, public and parochial schools, public parks and playgrounds, churches, essential services, and accessory uses. Zoning Code Section 150.19. Specifically, Crown Point restricts single-family dwellings to five individuals, unless related by blood or marriage. Zoning Code Section 150.02. The penalty for "[a]ny person who violates any provision of this chapter shall upon conviction be fined not less than $10 and not more than $300. Each day that the violation continues shall constitute a separate offense." Zoning Code Section 150.99. Crown Point subsequently levied fines against Pinnacle for violating the ordinance.

Dueling lawsuits ensued.  Crown Point sued Pinnacle in state court seeking to enjoin them from operating the home (and for collection of the fines). That case was removed to federal court and is assigned cause number 2:20-cv-359.  Pinnacle then responded with a suit of its own in this court under the Fair Housing Act, and the case

was given cause number 2:20-cv-336. The cases have since been consolidated for purposes of discovery. Presently before me is Crown Point's Motion to Dismiss Pinnacle's Amended Complaint in the latter case. [DE 39.] Crown Point claims that Pinnacle lacks standing to bring this case. *Id.*

## Discussion

The Fair Housing Act (FHA) "prohibits discrimination in housing against, *inter alios*, persons with handicaps." *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 (1995); 42 U.S.C. §§ 3601-19. (The FHA uses the outdated term "handicap" as opposed to "disability" as used in the American with Disabilities Act. But the terms are defined similarly). The FHA prohibits housing discrimination in dwellings where a handicapped person wishes to reside, which includes buying and leasing property, but also property that has been bought or rented by another, or where they are "associated" with the buyer or renter. *See* 42 U.S.C. § 3604(f)(1).

Here, Pinnacle operates as a group home and provides treatment to patients recovering from substance abuse. Crown Point alleges that Pinnacle has not demonstrated standing, either associational standing or standing as an "aggrieved person" under the FHA. Pinnacle's rejoinder is straight-forward: it has standing to sue because Crown Point has issued fines against it for allegedly violating its ordinance. It also contends it has associational standing because its patients rely on Pinnacle to represent them and have an interest in maintaining their right to privacy. I need only address the former argument.

-3-

"At the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Generally, an organization may have standing in two ways: either on its own behalf or on behalf of its members. An organization has standing "to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth v. Seldin* 422 U.S. 490, 511 (1975).

Among other things, the FHA requires cities and towns to give reasonable accommodations to the disabled as one means of curtailing discrimination. 42 U.S.C. § 3604. To carry out the FHA's broad remedial purpose, Congress extended standing under the Act to the full extent allowed by Article III. *See Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1303 (2017); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). The FHA does this by authorizing any person "aggrieved" by a discriminatory act to bring suit to enforce the FHA. 42 U.S.C. § 3613. It then defines "aggrieved person" as "any person who . . . (1) claims to have been injured by a discriminatory housing practice; or believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602.

Pinnacle has been injured in fact by Crown Point; it's been fined the City. Crown Point's argument that Pinnacle fails to state an injury in fact because it lacks

associational standing is nothing but a deflection because it ignores the Supreme Court's decision in *Gladstone*:

> [A]s long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed. The central issue at this stage of the proceedings is not who possesses the legal rights protected by [the FHA], but whether respondents were genuinely injured by conduct that violates *someone's* [FHA] rights, and thus are entitled to seek redress of that harm.

*Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 103 n.9 (1979) (emphasis in original); *see Gorski v. Troy*, 929 F.2d 1183, 1189 (7th Cir. 1991) ("the Supreme Court has explicitly held, that a plaintiff suing pursuant to the FHA need not be a member of the class that was the object of discrimination to satisfy the injury-in-fact requirement."). In other words, even though Pinnacle itself is not being discriminated against, from a constitutional standing point of view it is being injured by the alleged violation of its patients' FHA rights. That is all that needs to be shown.

In sum, Pinnacle has asserted a concrete and particularized injury caused by Crown Point and is likely to be redressed by the requested relief. *McLaughlin*, 500 U.S. at 51. If Pinnacle prevails in this lawsuit, it will fend off the fines Crown Point has levied against it.  It's hard to conceive of a more concrete injury in fact.

### Conclusion

Based on the foregoing, Defendant's Motion to Dismiss [DE 39] is **DENIED**.

SO ORDERED on April 11, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT